**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TAWANNA YOUNG<br>5585 Bunstine Drive<br>Westerville, Ohio 43081, | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| OHIO STATE HIGHWAY PATROL<br>30 E Broad Street, 28th Floor<br>Columbus, Ohio 43215 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |
| -and- | )<br>) | |
| PATRICK KELLUM<br>6999 Sherbrook Drive<br>Westerville, Ohio 43082 | )<br>)<br>)<br>) | |
| -and- | )<br>) | |
| SHELDON ROBINSON<br>4952 Windy Bluff Court<br>Westerville, Ohio 43081 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Tawanna Young, by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

**PARTIES AND VENUE**

1. Young is a resident of the city of Westerville, Franklin County, Ohio.

2. At all times herein, Young was acting in the course and scope of her employment.

3. Young is a state trooper for the Ohio State Highway Patrol ("OSHP").

4. OSHP is an agency of the State of Ohio.

5. OSHP is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq*.

6. Kellum is a resident of the state of Ohio.

7. At all times herein, Kellum was acting in the course and scope of his employment.

8. At all times herein, Kellum was acting under color of Ohio statute, ordinance, regulation, custom, or usage.

9. Robinson is a resident of the state of Ohio.

10. At all times herein, Robinson was acting in the course and scope of his employment.

11. At all times herein, Robinson was acting under color of Ohio statute, ordinance, regulation, custom, or usage.

12. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Young is alleging Federal Law Claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e; and 42 U.S.C. § 1983.

13. Material events alleged in this Complaint occurred in Franklin County, Ohio.

14. Material events alleged in this Complaint occurred in Fairfield County, Ohio.

15. This Court has supplemental jurisdiction over Young's state law claims pursuant to 28 U.S.C. § 1367 as Young's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

17. Within 300 days of the conduct alleged below, Young filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 22A-2019-03229 against OSHP ("Young EEOC Charge").

18. On or about April 15, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Young regarding the Charges of Discrimination brought by Young against OSHP in the Young EEOC Charge.

19. Young received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

20. Young has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

21. Young has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

22. On or about September 11, 2002, Young began working for OSHP.

23. Young is a state trooper for OSHP.

24. Young is female.

25. Kellum is a captain for OSHP.

26. Kellum is male.

27. Kellum did not participate in the decision to hire Young.

28. Robinson is a sergeant for OSHP.

29. Robinson is male.

30. Robinson did not participate in the decision to hire Young.

31. In or about May 2019, Kellum ran his fingers through Young's hair and said, "You have Rocky's hair" ("Hair Comment").

32. "Rocky" was a woman with whom Kellum was having a sexual relationship.

33. Touching someone's hair without consent is offensive.

34. Kellum did not have Young's consent to touch her hair.

35. Kellum made the Hair Comment because of Young's sex.

36. The Hair Comment was unwelcome to Young.

37. Kellum made the Hair Comment to make sexual advances toward Young.

38. Young informed Kellum that the Hair Comment was unwelcome to her.

39. Young told Kellum not to touch her hair.

40. In or about the spring of 2019, Robinson called Young "baby."

41. In or about the spring of 2019, Robinson played seductive music for Young at work, in an attempt to make sexual advances.

42. In or about the spring of 2019, Robinson massaged Young's shoulders at work.

43. Hereinafter, Robinson's calling Young "baby," playing seductive music, and massaging Young's shoulders are called "Robinson's Advances."

44. Robinson's Advances were unwelcome to Young.

45. Young told Robinson that Robinson's Advances were unwelcome to her.

46. Robinson made Robinson's Advances because of Young's gender.

47. On or about August 5, 2019, Kellum ran his fingers through Young's hair again ("August 5 Hair Incident").

48. On or about August 5, 2019, Young told Kellum again not to touch her hair.

49. The August 5 Hair Incident was unwelcome to Young.

50. Kellum knew that the August 5 Hair Incident was unwelcome to Young.

51. Kellum did the August 5 Hair Incident because of Young's gender.

52. In or about August 2019, Young met with OSHP's EEO officer and Sergeant Laura Taylor ("First Harassment Meeting").

53. At the First Harassment Meeting, Young reported the Hair Comment.

54. At the First Harassment Meeting, Young reported Robinson's Advances.

55. At the First Harassment Meeting, Young reported the August 5 Hair Incident.

56. After the First Harassment Meeting, Young filed a grievance against Kellum, alleging race and gender discrimination ("First Grievance").

57. After the First Harassment Meeting and First Grievance, OSHP placed Young on rotation to work at the Governor's residence less frequently than similarly-situated employees who did not make discrimination complaints.

58. OSHP placed Young on rotation to work at the Governor's residence less frequently than similarly-situated employees because she opposed discrimination.

59. OSHP intentionally placed Young on rotation to work at the Governor's residence less frequently than similarly-situated employees.

60. OSHP willfully placed Young on rotation to work at the Governor's residence less frequently than similarly-situated employees.

61. In or about August 2019, after the First Harassment Meeting and the First Grievance, OSHP removed Young from her duties at the Ohio Statehouse ("First Reassignment").

62. In the First Reassignment, OSHP moved Young to the Ohio State Fairgrounds.

63. The job at the Ohio State Fairgrounds is a less prestigious role than the job at the Ohio Statehouse.

64. After the First Reassignment, Young was the only state trooper assigned to work at the Ohio State Fairgrounds.

65. The First Reassignment was an adverse action.

66. The First Reassignment was an adverse employment action.

67. OSHP gave Young the First Reassignment intentionally.

68. OSHP gave Young the First Reassignment willfully.

69. OSHP gave Young the First Reassignment in retaliation for her opposing discrimination.

70. On or about August 15, 2019, Young, through counsel, sent a letter to Captain Cassandra Brewster, the human resources manager at OSHP ("Letter to Brewster").

71. In the Letter to Brewster, Young reported discrimination.

72. In the Letter to Brewster, Young complained about the First Reassignment.

73. In the Letter to Brewster, Young complained that the First Reassignment was retaliatory.

74. In response to the Letter to Brewster, OSHP rescinded the First Reassignment.

75. On or about January 16, 2020, Young testified in court as a victim in criminal charges against Sergeant Kelvin Collins ("Testimony against Collins").

76. In the Testimony against Collins, Young alleged that Collins sexually harassed her at work.

77. On or about January 17, 2020, Major Robin Schmutz and Major Charles Linek met with Young ("January 17 Meeting").

78. At the January 17 Meeting, Schmutz and Linek informed Young that OSHP was removing her from her duties at the Statehouse ("Second Reassignment").

79. At the January 17 Meeting, Schmutz and Linek told Young that OSHP was giving her the Second Reassignment because of her complaints of discrimination.

80. At the January 17 Meeting, Schmutz and Linek told Young that it would be better for OSHP's supervisors if Young left the Statehouse.

81. At the January 17 Meeting, Young begged Schmutz and Linek not to move her because any change in her work schedule would harm her ability to care for her baby, who had recently been born prematurely.

82. At the January 17 Meeting, Young told Schmutz and Linek that she did not want the Second Reassignment.

83. At the January 17 Meeting, Schmutz and Linek told Young that she would be reassigned to one of three possible locations: Mt. Gilead, Circleville, or Lancaster.

84. Mt. Gilead is more than 40 miles from Young's home.

85. Circleville is more than 40 miles from Young's home.

86. Lancaster is more than 40 miles from Young's home.

87. The Ohio Statehouse is under 20 miles from Young's home.

88. At the January 17 Meeting, Young asked to remain at the Statehouse.

89. At the January 17 Meeting, Young said that she believed that the Second Reassignment was retaliatory.

90. At the January 17 Meeting, when Young expressed that she believed the Second Reassignment was retaliatory, Linek shrugged his shoulders and dared her to go ahead and try to pursue a charge of retaliation.

91. Despite Young's objections, on or about January 26, 2020, OSHP reassigned Young to Lancaster.

92. On or about March 9, 2020, Young filed the Young EEOC Charge.

93. On or about June 28, 2020, Young learned that OSHP was conducting an investigation against her due to alleged misconduct ("Retaliatory Investigation").

94. The allegations made against Young in the Retaliatory Investigation were false.

95. OSHP conducted the Retaliatory Investigation intentionally.

96. OSHP conducted the Retaliatory Investigation willfully.

97. OSHP conducted the Retaliatory Investigation because Young opposed discrimination.

98. OSHP conducted the Retaliatory Investigation because Young filed the Young EEOC Charge.

99. OSHP has a standard procedure of reviewing three of each officer's car camera videos per month to monitor their performance.

100. After Young filed the Young EEOC Charge, OSHP began reviewing more than three of Young's videos per month ("Retaliatory Review").

101. OSHP did the Retaliatory Review in an attempt to find a basis to terminate Young's employment.

102. The Retaliatory Review was an adverse action.

103. OSHP did the Retaliatory Review intentionally.

104. OSHP did the Retaliatory Review willfully.

105. OSHP did the Retaliatory Review because she opposed discrimination.

106. OSHP did the Retaliatory Review because she filed the Young EEOC Charge.

107. After Young filed the Young EEOC Charge, OSHP denied Young a patrol car.

108. OSHP gave patrol cars to similarly-situated less-senior officers than Young at the Lancaster location ("Denial of Car").

109. OSHP's policy is to give patrol cars to officers based on seniority.

110. OSHP violated its own policies by denying Young a patrol car.

111. The Denial of Car was an adverse action.

112. OSHP did the Denial of Car intentionally.

113. OSHP did the Denial of Car willfully.

114. OSHP did the Denial of Car because Young opposed discrimination.

115. OSHP did the Denial of Car because Young filed the Young EEOC Charge.

116. OSHP discriminated against Young because of her gender.

117. OSHP retaliated against Young because she opposed discrimination.

118. OSHP retaliated against Young because she filed the Young EEOC Charge.

119. As a direct and proximate result of OSHP's conduct, Young suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISCRIMINATION AND HARASSMENT ON THE BASIS OF SEX IN VIOLATION OF TITLE VII

### (Defendant OSHP)

120. Young restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

121. Young is a member of a statutorily protected class based on her gender under Title VII.

122. Defendant treated Young differently than other similarly-situated employees based on her gender.

123. Defendant discriminated against Young on the basis of her gender throughout her employment.

124. OSHP's discrimination against Young based on her gender violates Title VII.

125. Young was subjected to unwelcome sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

126. OSHP created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments, inappropriate sexual gestures, and sexual advances.

127. As a direct and proximate result of the intimidating, offensive, and hostile environment created and sustained by OSHP, Young repeatedly reported the sexual harassment to OSHP both verbally and in writing.

128. OSHP's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of Title VII.

129. Kellum's sexual harassment of Young occurred while he was acting in the course and scope of his employment.

130. Robinson's sexual harassment of Young occurred while he was acting in the course and scope of his employment.

131. Collins's sexual harassment of Young occurred while he was acting in the course and scope of his employment.

132. OSHP had knowledge of the sexual harassment and failed to take any corrective or remedial action.

133. As a direct and proximate result of OSHP's conduct, Young suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT II: DISCRIMINATION AND HARASSMENT ON THE BASIS OF SEX IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (All Defendants)

134. Young restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

135. Young is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

136. Defendants treated Young differently than other similarly-situated employees based on her gender.

137. Defendants discriminated against Young on the basis of her gender throughout her employment.

138. Defendants' discrimination against Young based on her gender violates R.C. § 4112.01 *et seq*.

139. Young restates each and every paragraph of this Complaint as though it were fully restated herein.

140. Young was subjected to unwelcome sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

141. Defendants created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments, inappropriate sexual gestures, and sexual advances.

142. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendants, Young repeatedly reported the sexual harassment to OSHP both verbally and in writing.

143. Defendants' actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. § 4112.02(A).

144. Kellum's sexual harassment of Young occurred while he was acting in the course and scope of his employment.

145. Robinson's sexual harassment of Young occurred while he was acting in the course and scope of his employment.

146. Collins's sexual harassment of Young occurred while he was acting in the course and scope of his employment.

147. OSHP had knowledge of the sexual harassment and failed to take any corrective or remedial action.

148. As a direct and proximate result of Defendants' conduct, Young suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII
### (Defendant OSHP)

149. Young restates each and every prior paragraph of this complaint, as if it were fully restated herein.

150. As a result of Defendants' discriminatory conduct described above, Young complained about the discrimination she was experiencing.

151. As a result of Defendants' discriminatory conduct described above, Young filed the Young EEOC Charge.

152. Subsequent to Young's reporting of sexual harassment and filing an EEOC complaint, OSHP reassigned Young to a different location.

153. Subsequent to Young's reporting of sexual harassment and filing an EEOC complaint, OSHP denied Young a patrol car.

154. Subsequent to Young's reporting of sexual harassment and filing an EEOC complaint, OSHP did the Retaliatory Investigation.

155. Subsequent to Young's reporting of sexual harassment and filing an EEOC complaint, OSHP did the Retaliatory Review.

156. OSHP's actions were retaliatory in nature based on Young's opposition to the unlawful discriminatory conduct.

157. Pursuant to Title VII, it is an unlawful discriminatory practice to retaliate against an employee for opposing discrimination or for filing an EEOC charge.

158. As a direct and proximate result of Defendants' conduct, Young suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT IV:  RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

**(All Defendants)**

159. Young restates each and every prior paragraph of this complaint, as if it were fully restated herein.

160. As a result of Defendants' discriminatory conduct described above, Young complained about the discrimination she was experiencing.

161. As a result of Defendants' discriminatory conduct described above, Young filed the Young EEOC Charge.

162. Subsequent to Young's reporting of sexual harassment and filing an EEOC complaint, OSHP reassigned Young to a different location.

163. Subsequent to Young's reporting of sexual harassment and filing an EEOC complaint, OSHP denied Young a patrol car.

164. Subsequent to Young's reporting of sexual harassment and filing an EEOC complaint, OSHP did the Retaliatory Investigation.

165. Subsequent to Young's reporting of sexual harassment and filing an EEOC complaint, OSHP did the Retaliatory Review.

166. Defendants' actions were retaliatory in nature based on Young's opposition to the unlawful discriminatory conduct.

167. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

168. As a direct and proximate result of Defendants' conduct, Young suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT V: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION**

**(Defendants Kellum and Robinson)**

169. Young restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

13

170. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

171. Kellum aided, abetted, incited, coerced, and/or compelled OSHP's discriminatory treatment of Young.

172. Robinson aided, abetted, incited, coerced, and/or compelled OSHP's discriminatory treatment of Young.

173. Defendants violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

174. As a direct and proximate result of Defendants' conduct, Young has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VI: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1983

**(Defendants Kellum and Robinson)**

175. Young restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

176. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution prohibits discrimination on the basis of gender.

177. OSHP is an agency of the state of Ohio.

178. OSHP employs Kellum as a captain.

179. OSHP employs Robinson as a sergeant.

180. At all times herein, Kellum was acting in the scope of his employment.

181. At all times herein, Robinson was acting in the scope of his employment.

182. At all times herein, Kellum acted under color of Ohio statute, ordinance, regulation, custom, or usage.

183. At all times herein, Robinson acted under color of Ohio statute, ordinance, regulation, custom, or usage.

184. Kellum discriminated against Young on the basis of her gender.

185. Robinson discriminated against Young on the basis of her gender.

186. By discriminating against Young on the basis of her gender, Kellum deprived Young of her rights, privileges, or immunities under Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

187. By discriminating against Young on the basis of her gender, Robinson deprived Young of her rights, privileges, or immunities under Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Young respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

   (i)    Requiring OSHP to abolish discrimination, harassment, and retaliation;

   (ii)   Requiring allocation of significant funding and trained staff to implement all changes within two years;

   (iii)  Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring OSHP to restore Young to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Young for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Young claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Tawanna Young*

## JURY DEMAND

Plaintiff Young demands a trial by jury by the maximum number of jurors permitted.

                                            */s/ Trisha Breedlove*
                                            Trisha Breedlove (0095852)
                                            Paul Filippelli (0097085)