**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

TAWANNA YOUNG,

        Plaintiff,

    **v.**

**OHIO STATE HIGHWAY PATROL**, et. al.,

        Defendants.

**Case No. 2:21-cv-3686**

**Judge Graham**

**Magistrate Judge Vascura**

## <u>OPINION AND ORDER</u>

Pending before the Court is Defendants' partial motion to dismiss, Doc. 11. Plaintiff did not respond. For the following reasons, the Court grants Defendants' partial motion to dismiss.

### I.      Background

Plaintiff Tawanna Young is a state trooper for the Ohio State Highway Patrol ("OSHP"), an agency of the State of Ohio. She alleges that Defendants Patrick Kellum and Sheldon Robinson, employees of OSHP, directed unwelcome sexual advances towards her. Plaintiff asserts that Kellum ran his fingers through her hair in May of 2019 and August of 2019 and that Robinson called her "baby," played seductive music for her at work, and massaged her shoulders at work.

In August of 2019, Plaintiff reported Kellum's and Robinson's conduct to OHSP's equal employment opportunity officer and Sergeant Laura Taylor and filed a grievance against Kellum. Soon afterwards she received less desirable assignments. At first, she was assigned to the Governor's residence, a desirable assignment, less frequently. Then she was completely reassigned to the Ohio State Fairgrounds, a less prestigious assignment. Plaintiff reported the discriminatory and retaliatory reassignment to Captain Cassandra Brewster. Captain Brewster rescinded the reassignment.

On or about January 16, 2020, Plaintiff testified in court that Sergeant Kelvin Collins sexually harassed her at work. On or about January 17, 2020, Major Robin Schmutz and Major Charles Linek told Plaintiff that she was being reassigned to Mt. Gilead, Circleville, or Lancaster. Each location is more than forty miles from Plaintiff's home. Plaintiff was ultimately reassigned, over her objections, to Lancaster.

On or about March 9, 2020, Plaintiff filed charges with the Equal Employment Opportunity Commission. On or about June 28, 2020, Plaintiff learned that OSHP was conducting a retaliatory investigation against her based on false allegations of misconduct. The OSHP also began reviewing more than the standard number of Plaintiff's car camera videos per month to find a basis to terminate her. Finally, OSHP declined to give Young a patrol car despite her entitlement to one under OSHP policy.

Plaintiff alleges six causes of action based on this conduct: (1) discrimination and harassment on the basis of sex in violation of Title VII against OSHP; (2) discrimination and harassment on the basis of sex in violation of Ohio Revised Code § 4112.01 *et seq.* against all Defendants; (3) retaliation in violation of Title VII against OSHP; (4) retaliation in violation of Ohio Revised Code § 4112.01 *et seq.* against all Defendants; (5) unlawful aiding, abetting, and inciting of discrimination in violation of Ohio Revised Code §§ 4112.02(J) and 4112.99 against Kellum and Robinson; and (6) gender discrimination in violation of 42 U.S.C. § 1983 against Kellum and Robinson. Defendants move to dismiss Plaintiff's state-law claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.    Standard of Review

Motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) come in two varieties – facial attacks and factual attacks. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th

Cir. 2016). Defendants make a facial attack. Facial attacks merely question the sufficiency of a pleading. *Id.* Courts reviewing a facial attack are to take the allegations in the complaint as true. *Id.* The plaintiff has the burden of proving subject-matter jurisdiction exists. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

To survive a motion to dismiss under Rule 12(b)(6), a claim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).

### III.    Analysis

Defendants argue that the state-law claims against OSHP and Kellum and Robinson in their official capacities are barred by sovereign immunity. The Eleventh Amendment prohibits federal district courts from exercising pendent jurisdiction to order state officials to conform their conduct to state law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984); *McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012). Therefore, the Court agrees that sovereign immunity bars Plaintiff's state-law claims against OSHP, a government agency, and Kellum and Robinson in their official capacities.

As to the state-law claims against Kellum and Robinson in their individual capacity, Defendants argue that the claims are barred under Ohio Revised Code §§ 9.86 and 2743.02(F). Ohio Revised Code § 9.86 provides personal immunity unless certain conditions are met. Ohio

Revised Code § 2743.02(F) gives the Ohio Court of Claims exclusive jurisdiction to determine whether a person is not entitled to personal immunity. The Sixth Circuit has found that:

> Ohio law requires that, as a condition precedent to a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86. Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities.

*McCormick v. Miami Univ.*, 693 F.3d 654, 665 (6th Cir. 2012) (quoting *Haynes v. Marshall*, 887 F.2d 700 (6th Cir.1989)). Plaintiff has not alleged that the Ohio Court of Claims found Kellum and Robinson were not entitled to immunity. Therefore, the Court lacks jurisdiction to hear the state-claims asserted against them in their individual capacity.

### IV.    Conclusion

For the above reasons, Defendants' partial motion to dismiss, Doc. 11, is **GRANTED** and Counts II, IV, and V of Plaintiff's complaint are **DISMISSED**.


**IT IS SO ORDERED**.


s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: April 14, 2022

4